FILED
SUPERIOR COURT
OF GUAM

2022 MAR 22 PM 2:25

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM,<br><br>v.<br><br>JOSEPH MARC THOMAS DUENAS CASTRO, JR.<br>(*aka* **Joseph Marc Castro, Jr.**)<br>(*aka* **Joseph Mark Thomas Duenas Castro Jr.**)<br>(*aka* **Joseph Mark Castro, Jr.**)<br>(*aka* **Joseph M.T.D. Castro**)<br>(*aka* **Joey**),<br>DOB: 06/04/1990<br><br>Defendant. | **Criminal Case No. CF0504-21**<br>GPD Report No. 21-24929<br><br>**DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR BILL OF PARTICULARS** |

### INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on January 12, 2022 for hearing on Defendant Joseph Marc Thomas Duenas Castro, Jr.'s (*aka* Joseph Marc Castro, Jr.'s) (*aka* Joseph Mark Thomas Duenas Castro Jr.'s) (*aka* Joseph Mark Castro, Jr.'s) (*aka* Joseph M.T.D. Castro's) (*aka* Joey's) ("Defendant's") Motion for Bill of Particulars ("Motion"). Assistant Attorney General Sean Brown represents the People, and Assistant Public Defender Jocelyn Roden represents Defendant. Having duly considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order and **DENIES** Defendant's Motion.

### BACKGROUND

On October 13, 2021, Defendant was arrested and charged with Charge One: First Degree Criminal Sexual Conduct (as a 1st Degree Felony) (*Two Counts*), and Charge Two: Second Degree Criminal Sexual Conduct (as a 1st Degree Felony) (*Four Counts*). See Indictment (Oct. 21, 2021). These allegations stem from two separate incidents supposedly happening sometime in 2019. Id.

Decision and Order Denying Defendant's Motion for Bill of Particulars
CF0504-21, *People of Guam v. Joseph Castro, Jr.*
Page 1 of 3

On November 18, 2021, Defendant filed his Motion for Bill of Particulars. Defendant moved for a Bill of Particulars, arguing that the time frame contained in the Indictment (Jan. 1, 2019 through Dec. 31, 2019) is too vague to properly prepare a defense against. See Motion at 2 (Nov. 18, 2021). Defendant requested more specific information pinpointing the days/times of the alleged incidents. Id. at 2.

On November 22, 2021, the People filed their Opposition to Defendant's Motion ("People's Opposition"). The People argued the Indictment was as specific as it could be, and that it properly gave Defendant notice of the charges against him. Id. at 3-4.

The Court held a hearing on January 12, 2022. After hearing the arguments of the parties, the Court took the matter under advisement.

## DISCUSSION

8 G.C.A. § 55.30 provides:

> Whether or not an indictment or information complies with § 55.10, if it fails to specify the particulars of the offense sufficiently to enable the defendant to prepare his defense, the court may, on motion of the defendant, require the prosecuting attorney to furnish the defendant with a clarification of the pleading containing such particulars as may be necessary for the preparation of the defense.

The Guam Supreme Court has previously determined that Indictments narrowing a charge's timeframe down to several months, are specific enough to enable the Defendant to prepare a defense. See *People v. Salas*, 2000 Guam at ¶22 (ruling that an Indictment containing an alleged time frame of over two months does not prejudice the Defendant's right to prepare a defense).

The Guam Supreme Court cited to the 9th Circuit case, *People v. Atoigue*, 36 F.3d 1103 (9th Cir. 1994), to establish that time was not an essential factor when the victim can point to a time frame in which she was repeatedly raped. Id. at ¶16. The *Atoigue* Court found that indictments are specific enough so long as they place the illegal acts within an identifiable time frame, even if a specific date cannot be alleged. See *Atoigue*, 36 F.3d at 6.

Courts have also been more lenient regarding the specificity of dates in an indictment when the crimes involve child victims. See *Sate v. Hoban*, 738 S.W.2d 536, 541 (Mo. App. E.D. 1987) (finding that an indictment containing a 15-month charging window sufficiently gave the defendant notice of the child sex charge against him). This is because young victims are understandably

Decision and Order Denying Defendant's Motion for Bill of Particulars
CF0504-21, *People of Guam v. Joseph Castro, Jr.*
Page **2** of 3

hesitant to immediately report sex crimes, and delayed reporting makes it difficult for them to remember precisely when the abuse occurred.

It is clear that this Indictment does sufficiently specify the particulars of the offenses charged and enables the Defendant to prepare a defense. The Defendant was afforded adequate notice of the charges against him, as the Indictment states the Defendant committed two sexual assaults, against a specific victim, during 2019. There would be great difficulty in having the victim state the exact date that each of these assaults occurred, as the crime was indicted two years after the alleged acts. The 12-month charging window contained in the Indictment fits firmly within the case law, and is as specific as it could be given the victim's age and delayed reporting.

<b>CONCLUSION</b>

For the reasons stated above, the Court **DENIES** Defendant's Motion.

**IT IS SO ORDERED** this $\underline{\text{March 22, 2022}}$.



---

**HONORABLE ALBERTO C. LAMORENA, III**
**Presiding Judge, Superior Court of Guam**

Decision and Order Denying Defendant's Motion for Bill of Particulars
CF0504-21, *People of Guam v. Joseph Castro, Jr.*
Page 3 of 3